IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

  vs.                                     **Case No. 08-40004-04-RDR**

TRAVIS ALLEN PHILLIPS,

           Defendant.

**MEMORANDUM AND ORDER**

This order is issued to record the rulings of the court upon the issues which arose during the sentencing hearing in the above-captioned matter. Defendant appeared for sentencing after being found guilty by a jury of the charge of impeding an official proceeding in violation of 18 U.S.C. § 1512(c)(2). This charge arose from defendant's disclosure of the identity of an undercover police officer to a person who sold methamphetamine to the undercover officer. Under the Sentencing Guidelines, this crime was treated as an obstruction of justice offense under U.S.S.G. § 2J1.2. Under the provisions of § 2J1.2(c)(1), reference was made to § 2X3.1 which governs persons convicted of being accessories after the fact. That section calculates the base offense level by taking the base offense level of the "underlying offense" and then subtracting six levels. In this case, the underlying offense was a drug conspiracy. The amount of methamphetamine involved in the conspiracy was approximately 354 grams. That amount of

methamphetamine produces an offense level of 30.  Subtracting six offense levels from 30, leaves defendant with an offense level of 24.  Defendant has a criminal history category of III.  Therefore, the Guidelines range in this case was 63 to 78 months.

### Defendant's sentencing objection

Defendant's counsel filed an objection to the presentence report.  Counsel argued that the presentence report should not assign the base offense level of the underlying drug conspiracy to this case.  However, this is how the Sentencing Guidelines have been applied to this kind of case.  See U.S. v. Lang, 364 F.3d 1210, 1220-21 (10th Cir. 2004) vacated on other grds, 543 U.S. 1108 (2005) opinion reinstated in part, 405 F.3d 1060 (10th Cir. 2005); U.S. v. Kimbrough, 536 F.3d 463, 465-68 (5th Cir. 2008); U.S. v. Girardi, 62 F.3d 943, 945-46 (7th Cir. 1995).  Therefore, the court does not find a mistake in how the Sentencing Guidelines have been applied.

### Downward variance

The court made a downward variance to a term of 24 months in the case after considering the factors listed in 18 U.S.C. § 3553.

As mentioned, defendant was convicted of the crime alleged in this case because he informed a woman he knew was selling methamphetamine that she had sold drugs to an undercover police officer.  This did not prevent the government from prosecuting the woman and two others involved in the drug conspiracy, but it did

short-circuit the efforts of the government to work up the drug supply chain. Defendant's actions conceivably could have brought harm to the undercover police officer. Fortunately, that did not occur.

Defendant has a criminal history category of III and a number of arrests for criminal activity. But, defendant does not appear to have served a substantial period of imprisonment previously.

The court is unaware of any other prosecutions under the statute involved in this case which have a similar factual background. Therefore, this seems like a unique case and one which may not have been fully contemplated by the Guidelines.

There was no evidence presented that defendant was aware that his actions would impede a major drug investigation as opposed to a small-scale investigation or that he thought any violence would result from his disclosure. There is no evidence that defendant was aware of the scope of the underlying drug conspiracy or that he joined in or assisted the drug conspiracy in any manner other than revealing the identity of the undercover officer.

The court believes that a sentence of 24 months will be sufficient, but not greater than necessary, to deter defendant and others from future criminal activity and to protect the public from the crimes of defendant. The court believes it will reflect the seriousness of the offense and promote respect for the law.

The court also believes the operation of the Guidelines

penalizes defendant in a manner that strikes the court as unfair. "Relevant conduct" helps to determine the base offense level under the Guidelines. U.S.S.G. § 1B1.3. "Relevant conduct" is determined by: 1) the actions of the defendant; and 2) in the case of "jointly undertaken criminal activity . . . all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." § 1B1.3(a)(1)(B). Although defendant's crime does not constitute "jointly undertaken criminal activity," under the Guidelines the base offense level is calculated on the basis of a drug conspiracy which is "jointly undertaken criminal activity." Thus, although defendant acted alone in committing this crime, he is being penalized on the basis of the actions of other people. Moreover, even though the base offense level for drug conspirators is limited to actions done in furtherance of the jointly undertaken conduct of the drug conspiracy, and to actions which are reasonably foreseeable in connection with the drug conspiracy, the Guidelines do not permit defendant's base offense level to be mitigated by the fact that he did not assist or promote the conspiracy with regard to particular quantities of drugs and has not been shown to have been able to foresee the amount of drugs involved in the conspiracy. Many drug conspirators are not sentenced on the basis of the full amount of drugs involved in the conspiracy because they were not involved in assisting in the distribution of the full amount of drugs. E.g.,

4

U.S. v. Johnston, 146 F.3d 785, 795-96 (10th Cir. 1998) (involving an attorney on the fringe edges of a drug conspiracy); U.S. v. Whitecotton, 142 F.3d 1194 (9th Cir. 1998) (defendant who introduced undercover agents to a friend for one deal is not responsible for later deals made by officers with the friend).  This defendant does not get the advantage of that rule under the Guidelines, whereas a defendant guilty of a drug conspiracy charge would benefit from the rule and could conceivably receive a lesser sentence than defendant.  Finally, the Guidelines punish a defendant who is aware of the full nature of the crime he is assisting as an accessory after the fact, the same as a defendant who is not aware of the full nature of the crime he is assisting.  This does not seem fair.

As stated, the court believes a sentence of 24 months is sufficient, but not greater than necessary, to accomplish the goals of § 3553.  We also believe it is more consistent with the types of sentences given for most nonviolent obstruction of justice crimes set forth in the Guidelines.

Release pending appeal

The court shall find that by clear and convincing evidence defendant is not likely to flee or pose a danger to the safety of any other person or the community and that an appeal of his conviction would not be for the purpose of delay and raises a substantial question of law or fact likely to result in reversal.  Although defendant has a criminal record which causes the court

concern, defendant has apparently remained free of drugs and otherwise performed well during the significant period of bond supervision in this case.  Defendant also does not have a serious record of violence.  The court further believes that this case has unique and serious legal issues, one of which involves whether there was proof of knowledge by defendant of an "official proceeding" at the time of the crime charged in the Indictment.  Therefore, the court shall permit defendant to remain released on bond pending the appeal of his conviction.

**IT IS SO ORDERED.**

    Dated this 29th day of September, 2008 at Topeka, Kansas.

                                        s/Richard D. Rogers
                                        United States District Judge